**The STATE of Ohio, Appellee,**

**v.**

**HESS, Appellant.**

[Cite as *State v. Hess* (1991), 76 Ohio App.3d 263.]

Court of Appeals of Ohio,
Champaign County.

No. 91 CA 03.

Decided Oct. 16, 1991.

*Darrell L. Heckman,* Prosecuting Attorney, for appellee.

*John C. Holden,* for appellant.

Wolff, Judge.

James O. Hess entered a plea of no contest to the third count of a three-count indictment, which count charged a violation of R.C. 1548.19(C). In return for Hess's plea to the third count, the first two counts were dismissed. The trial court found Hess guilty and sentenced him to one to five years' imprisonment, fined him $300, and assessed him court costs. The sentence was suspended and Hess was placed on probation for three years.

Hess appeals, advancing three "arguments":

## I

"The trial court did error [*sic*] in finding the appellant-defendant guilty on his no-contest plea for said finding of guilt was against the manifest weight of the evidence under the facts stipulated to said court."

## II

"In the alternative, the trial court did error [*sic*] in ruling the state did not have to prove said motor was stolen under O.R.C. Section 1548.19."

## III

"In the alternative, the trial court did error [*sic*] in finding that the state need not prove intent as an element of the offense under O.R.C. Section 1548.19(C)."

Prior to entering his plea of no contest, Hess and the state entered into the following stipulation:

"The defendant will plea [*sic*] no contest to the third count of the indictment, with Counts One and Two being dismissed, with the specific understanding defendant reserves all his rights to appeal said no contest plea and court judgment against him both factually and on the legal issues decided by the court.

"Said factual and legal issues reserved for appeal include but are not limited to the following:

"1. Under the factual situation stipulated to below, did the defendant violate Ohio Revised Code, Section 1548.19(C)?;

"2. Does Section 1548.19(C) require the state as an element of the offense to prove Defendant was 'dealing in a stolen motor'?;

"3. Does the state have to prove intent as an element of the offense defended in O.R.C., Section 1548.19(C)?"

In addition, Hess and the state have entered into the following stipulation for purposes of appeal:

"On or about April 17, 1990, James Dingus went to defendant's place of business, Jim's Marine in Urbana, Ohio, and, while there, agreed to purchase a 1959 Sea King boat motor for $300.00 plus $18.00 tax.

"Mr. Dingus and defendant understood that at this time the defendant did not have a certificate of title to said motor for its previous owner was deceased and defendant was attempting to get a certificate of title.

"Mr. Dingus and defendant further agreed if no certificate of title could be obtained, defendant would refund to Mr. Dingus his payment.

"With said understanding, Mr. Dingus took possession of said motor on April 17, 1990.

"On August 28, 1990, with defendant still being unable to obtain a certificate of title for said motor, defendant refunded to Mr. Dingus his $318.00.

"There was no evidence said motor was stolen."

This stipulation followed the trial court's determination of certain questions of law in response to the state's motion *in limine*, wherein the state had sought a pretrial determination that R.C. 1548.19(C) imposes strict liability. The trial court stated, in part, in its journal entry:

"Defendant objected to the state's motion *in limine*, and defendant set forth reasons for his objection. Defense believes that the degree of culpability required for a charge under Revised Code § 1548.19(C) is knowingly, and defendant further believes that the heading for the Revised Code Section which reads 'dealing with stolen watercraft or motor' requires that an element of proof be that the motor is stolen.

"After listening to the arguments from each side, the court sustained the motion of the state, and the court denied the requests of the defense. The court [finds] that the statute [does] not require the culpable mental state of knowledge. The court [finds] that strict liability applie[s] to this criminal situation. The court further [finds] that a stolen motor or watercraft [is] not an element of the offense under 1548.19(C) of the Ohio Revised Code."

■ Hess first argues that he could not be convicted of violating R.C. 1548.19(C) in the absence of an allegation that the motor was stolen. This argument appears to be based on the title or description of R.C. 1548.19 as shown in Page's Ohio Revised Code:

"§ 1548.19 Dealing with *stolen* watercraft or motor.

"No person shall:

"(A) Procure or attempt to procure a certificate of title to a watercraft or outboard motor, or pass or attempt to pass a certificate of title or any assignment thereof to a watercraft or outboard motor, knowing or having reason to believe that such watercraft or outboard motor has been stolen;

"(B) Sell or offer for sale in this state a watercraft or outboard motor on which the manufacturer's or assigned serial number has been destroyed, removed, covered, altered, or defaced with knowledge of such destruction, removal, covering, alteration, or defacement of such manufacturer's or assigned serial number;

"(C) Sell or transfer a watercraft or outboard motor without delivering to the purchaser or transferee thereof a certificate of title, or a manufacturer's or importer's certificate thereto, assigned to such purchaser as provided for in such sections." (Emphasis added.)

We agree with the trial court that the state need not allege or prove a motor is stolen to establish a violation of R.C. 1548.19(C). The elements of an offense under R.C. 1548.19(C) are as stated within the four corners of that subsection of R.C. 1548.19. As the state has observed, the title or description of R.C. 1548.19 as shown in Page's Ohio Revised has been supplied by a private publisher of the Ohio Revised Code, not the legislature, and another private publisher, Banks–Baldwin, describes the same section as "altered or false certificate; false information; sale without certificate."

■ Hess also appears to argue that his arrangement with the purchaser, James Dingus, was a permissible conditional sale. He cites, *inter alia,* R.C. 1548.03 in support of this apparent argument, although he expressly disclaims the application of R.C. 1548.03 to the situation in this case. The then applicable version of R.C. 1548.03 stated:

"No person, except as provided in section 1548.05 of the Revised Code, shall sell or otherwise dispose of a watercraft or outboard motor without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as is necessary to show title in the purchaser; nor shall any person purchase or otherwise acquire a watercraft or outboard motor without obtaining a certificate of title for it in his name in accordance with Chapter 1548. of the Revised Code; however, a purchaser may take possession of and operate a watercraft or outboard motor on the waters in this state without a certificate of title for a period not exceeding twenty-one days if he has been issued and has in his possession a dealer's dated bill of sale, or in the case of a casual sale, a notarized bill of sale." (See 139 Ohio Laws, Part II, 4431, 4449–4450.)

From our reading of R.C. 1548.19(C) and 1548.03, it appears that the arrangement between Hess and Dingus is one within the reach of R.C. 1548.19(C). The sale in this case was only conditional in that Hess agreed to refund Dingus's money if Hess could not furnish Dingus with a certificate of title. After a period of more than four months from the date Dingus paid for and took possession of the motor, Hess, still unable to furnish a certificate of title, refunded Dingus's money. R.C. 1548.03 does not authorize conditional sales of the sort that occurred in this case. What R.C. 1548.03 does permit is possession and operation of a motor by the purchaser, notwithstanding his lack of a certificate of title, for a twenty-one day period provided the purchaser has proper documentation of his purchase. (The current version of R.C. 1548.03 extends the period during which the purchaser may possess and operate the motor to thirty days. See 143 Ohio Laws, Part IV, 5519, 5561.)

Hess's final argument is that the state was required to prove that he "knew or should have known that the motor transferred was a stolen motor."

We have already determined that the state need not allege, or prove, a stolen motor to establish a violation of R.C. 1548.19(C), and that determination is dispositive of Hess's final express argument to this court.

■ In the event that Hess also seeks to attack the trial court's determination that R.C. 1548.19(C) imposes strict liability, we also address that issue.

Hess contended in the trial court, and contends here, that the state was required to allege, and prove, that he acted knowingly. His specific contention, at least in this court, is that the state had to allege, and prove, he acted with knowledge that the motor was stolen. We have already addressed, and rejected, the argument that the state must allege, and prove, a stolen motor to establish a violation of R.C. 1548.19(C).

On the more general issue of whether R.C. 1548.19(C) requires an allegation, and proof, that the defendant acted knowingly, we turn to R.C. 2901.-21(B) which provides:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

Subsections (A) and (B) of R.C. 1548.19, set out above, both specify a culpable mental state, *i.e.*, knowledge; subsection (C) specifies no culpable mental state. This plainly indicates a legislative purpose to impose strict

liability for the conduct described in R.C. 1548.19(C). See *State v. Wac* (1981), 68 Ohio St.2d 84, 22 O.O.3d 299, 428 N.E.2d 428.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.